UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Dkt. 85, filed on February 23, 2026)

MOTION OF DEFENDANTS JOHN LEVAN AND LUKE MAHONEY TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 82, filed on February 27, 2026)

DEFENDANT FUTURHEALTH, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Dkt. 83, filed on February 23, 2026)

DEFENDANT JON HAMBIDGE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT  (Dkt. 86, filed on February 23, 2026)

## I.    INTRODUCTION

The Court finds that the instant motion is appropriate for decision without oral argument.  See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

This case centers on claims by a company that its managers conspired to systematically raid the company while secretly building a competing enterprise using stolen assets, intellectual property, and business opportunities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

On September 17, 2025, plaintiff Goglia Nutrition, LLC ("Goglia Nutrition" or "Plaintiff" or "Company") filed this action against defendants John Levan ("Levan"), Luke Mahoney ("Mahoney"), Jon Hambidge ("Hambidge"), FuturHealth, Inc. ("FuturHealth"), and Does 1 through 100 (collectively, "Defendants"). Plaintiff alleges seventeen causes of action: (1) breach of fiduciary duty, against Levan and Mahoney; (2) aiding and abetting breach of fiduciary duty, against Hambridge and FuturHealth; (3) breach of contract, against Levan and Mahoney; (4) fraud in the execution, against all defendants; (5) fraud in the inducement, against all defendants; (6) conversion, against all defendants; (7) violation of Cal. Penal Code § 496(c), against all defendants; (8) trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), against all defendants; (9) trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), against all defendants; (10) false designation of origin/ unfair origin under 15 U.S.C. § 1125(a), against FuturHealth; (11) California common law trademark infringement, against FuturHealth; (12) copyright infringement under 17 U.S.C. § 106 and § 501, against FuturHealth; (13) breach of contract, against FuturHealth; (14) unjust enrichment, against all defendants; (15) unfair competition under Cal. Bus. & Prof. Code § 17200, against all defendants; (16) civil conspiracy, against all defendants; and (17) declaratory relief, against all defendants. Dkt. 1 ("Compl.").

On November 10, 2025, plaintiff filed a motion for a preliminary injunction. Dkt. 11-1 ("PI mot."). On January 23, 2026, the parties stipulated to a proposed order regarding plaintiff's motion for a preliminary injunction. Dkt. 76. On January 30, 2026, the Court granted the parties' stipulation. Dkt. 78.

On January 23, 2026, the parties stipulated as to a deadline for plaintiff to file a first amended complaint. Dkt. 75. On January 26, 2026, the Court granted the parties' stipulation. Dkt. 77. On February 2, 2026, plaintiff filed its first amended complaint. Dkt. 79 ("FAC").

On February 17, 2026, defendants Levan and Mahoney filed the instant motion to dismiss plaintiff's FAC. Dkt. 82.

On February 23, 2026, defendant FuturHealth filed the instant motion to dismiss plaintiff's FAC. Dkt. 83.

On February 23, 2026, plaintiff filed the instant motion for leave to file a second amended complaint ("SAC"). Dkt. 85 ("Mot."). On March 2, 2026, defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

FuturHealth, Levan & Mahoney, and Hambidge filed oppositions. Dkts. 92, 93, 94 (respectively, "Opp. by FuturHealth"; "Opp. by Levan and Mahoney"; "Opp. by Hambidge"). On March 9, 2026, plaintiff filed a reply. Dkt. 101 ("Reply").

On February 23, 2026, defendant Hambidge filed the instant motion to dismiss plaintiff's FAC. Dkt. 86.

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The background of this case is known to the parties and detailed in the Court's December 22, 2025 order. Dkt. 60. Plaintiff Goglia Nutrition, LLC generally alleges that two of its members—defendants Levan and Mahoney—conspired with defendant Hambidge to systematically raid the company while secretly building a competing enterprise—FuturHealth—using stolen assets, intellectual property, and business opportunities. See generally FAC.

On January 30, 2026, Twenty.66[1] filed a breach-of-contract complaint against plaintiff in Contra Costa Superior Court (Case No. C26-00353) (the "Contra Costa Action"), alleging that plaintiff owed Twenty.66 approximately $56,000 in unpaid advisory fees "under the same advisory engagement at issue in this case." Mot. at 4. The sole cause of action in Twenty.66's complaint is for breach of an advisory agreement initially entered into on September 17, 2021, as amended and extended through June 3, 2023. Id.

On February 4, 2026, FuturHealth filed counterclaims against plaintiff in this action, asserting ten causes of action against Goglia Nutrition. Dkt. 80.

On February 5, 2026, FuturHealth filed a separate complaint in San Diego Superior Court (Case No. 26CU006444C) (the "San Diego Action") against Philip Goglia ("Goglia") and Lisa Saridakis ("Saridakis")—the remaining members of plaintiff Goglia

---

[1] Plaintiff states that Twenty.66 is defendant Hambidge's single member limited liability company, as confirmed by California Secretary of State records. Mot. at 1. Plaintiff states that Hambidge performed advising work for plaintiff and gained access to plaintiff's trade secrets through his company Twenty.66. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

Nutrition—in their individual capacities, asserting claims for unjust enrichment, slander per se, intentional interference with contractual relations, intentional interference with prospective economic advantage, and unfair competition.  Mot. at 4.

## III.    LEGAL STANDARD

### A.    Leave to Amend

As a preliminary matter, the Court must decide whether Federal Rule of Civil Procedure 15(a) or 16(b) applies.  Generally, a court grants a motion for leave to amend pleadings pursuant to the permissive standard of Rule 15(a).  Martinez v. Newport Beach City, 125 F.3d 777, 785 (9th Cir. 1997).  However, once the district court enters a scheduling order establishing a deadline for amending pleadings, Rule 16(b) applies.  Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).  This is because once the scheduling order is in place, the Court must modify the scheduling order to permit an amendment.  W. Schwarzer, A. Tashima & M. Wagstaffe, Federal Civil Procedure Before Trial (2006) § 8:405.1 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

Here, the Court has not entered a scheduling order setting a deadline with respect to adding parties to plaintiff's complaint; therefore, Rule 15(a) provides the applicable standard.

Rule 15 provides that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a).

When leave to amend is requested, the decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court."  Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir.1982), vacated on other grounds, 459 U.S. 810 (1982).  "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir.2004) (citing Nunes v. Ashcroft, 348 F.3d 815, 818 (9th Cir. 2003)).  "Some courts have stressed prejudice to the opposing party as the key factor."  Texaco v. Ponsoldt, 939 F.2d 794, 798 (9th Cir. 1991).  However, "[u]ndue delay is a valid reason for denying leave to amend."  Id. (internal quotation marks and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

citation omitted); but see Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999) ("Undue delay by itself, however, is insufficient to justify denying a motion to amend."). Further, "the liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." Jordan, 669 F.3d at 1324. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994), overruled on other grounds, 856 F.3d 605, 616 (9th Cir. 2017) (internal quotation marks and citation omitted).

### B.    Motion to Dismiss

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

### A.   Leave to Amend

Plaintiff seeks leave to file a second amended complaint that would (1) add Twenty.66 LLC as a defendant, and (2) assert claims against Twenty.66 arising from an advisory relationship at issue in this action, including breach of contract and declaratory relief. Mot. at ii.

Plaintiff argues that "amendment is necessitated by a changed procedural landscape" that resulted after "defendants launched a coordinated offensive across three forums." Mot. at 1, 3. Plaintiff argues that all five of the relevant Foman factors favor granting leave to amend. Id. at 8. First, plaintiff argues that its motion was not brought in bad faith but is "a direct response to the Contra Costa filing and the coordinated multi-forum litigation strategy" in which "defendants scattered … [related] claims across three

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

forums, fragmenting the litigation and multiplying the costs to all parties." Id. at 2, 8. Second, plaintiff argues that granting leave to amend would not cause undue delay because no scheduling order has been entered in the case and discovery has not commenced; moreover, plaintiff argues that it was not unduly delayed in seeking amendment because "[t]he event that triggered this amendment—Twenty.66's filing in Contra Costa—did not occur until January 30, 2026" and was one "that Plaintiff could not have anticipated." Id. at 9. Third, plaintiff argues that although it has previously amended the complaint, its FAC was amended by stipulation and does not demonstrate plaintiff's "serial failure to cure." Id. at 9. Fourth, plaintiff argues that granting leave to amend would not unduly prejudice any defendant because it would not affect the October 27, 2026 trial date. Finally, plaintiff argues that its proposed amendment to add claims against Twenty.66—for breach of an advisory agreement and corresponding declaratory relief—is not futile. Id. at 10-11.

In the alternative, plaintiff argues that it "may also [have] the right to amend as a matter of course under Rule 15(a)(1)(B)." Id. at 7 n.1. Under Rule 15(a)(1)(B), a party may amend its pleading as a matter of course within "21 days after service of a motion under Rule 12(b), (e), or (f)"; plaintiff argues that because defendants Levan and Mahoney filed a motion to dismiss the FAC on February 17, 2026, "[t]hat filing triggered a twenty-one-day amendment window running through approximately March 10, 2026" and thus permits plaintiff to file its proposed SAC as a matter of course. Plaintiff argues that although the parties' January 23, 2026 stipulation to allow plaintiff to file a FAC "cited Rule 15(a)(1) as the basis for the FAC (Dkt. 75 at 2) … the actual mechanism was consent under Rule 15(a)(2) [because] no Rule 12 motion or responsive pleading had been served at that time, and thus no [Rule] 15(a)(1) trigger existed." Id.

In their oppositions, FuturHealth, Levan and Mahoney, and Hambidge argue that the Foman factors counsel against granting leave to amend. See Opp. by FuturHealth at 15, Opp. by Levan and Mahoney at 14-19; Opp. by Hambidge at 13. They argue that plaintiff was unduly delayed in seeking amendment because plaintiff knew about and could have brought claims against Twenty.66 from the outset. They argue that bad faith is evident given that plaintiff filed its instant motion only after defendants had prepared and filed motions to dismiss plaintiff's FAC. They argue that they will be prejudiced by the Court's granting plaintiff's leave to file a SAC because "adding a new defendant will require service, appearance, potential new motions, and expanded discovery, which will make adherence to the expedited [trial] schedule unrealistic and increase litigation costs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

significantly for all parties." Opp. by FuturHealth at 15. They also argue that plaintiff's SAC is futile as to all defendants.

Levan and Mahoney also argue that Rule 15(a)(1) does not apply to plaintiff's motion because the parties previously stipulated that plaintiff's filing of its FAC would be considered its one amendment of right under Rule 15(a)(1). Opp. by Levan and Mahoney at 12-13.

FuturHealth raises other arguments regarding the impropriety of plaintiff's attempt to "invoke[] Rule 42 concepts to imply that this Court should consolidate separate state actions into one forum before this Court and … [to invoke] Rule 13(h) to suggest that FuturHealth should have joined individuals Philip Goglia and Lisa Saridakis as counter-defendants." See Opp. by FuturHealth at 10-14. Relatedly, Hambidge argues that plaintiff may not invoke California's prior pending action doctrine and seek a plea in abatement in the Contra Costa Action. Opp. by Hambidge at 13-14; mot. at 13. The Court need not address these ancillary arguments because the Court construes plaintiff's motion as one requesting leave to file a second amended complaint under Rule 15,[2] despite plaintiff's suggestion throughout its motion that it would be appropriate to "consolidate[e]" all claims across this Court, Contra Costa Action, and the San Diego Action into "a single forum." See mot. at 2, 6.

In reply, plaintiff argues that it could not have anticipated Twenty.66's lawsuit because defendants "Levan and Mahoney – not Goglia or Saridakis – controlled the Company's day-to-day operations and finances throughout the relevant period. (FAC ¶¶ 22–24.)." Reply at 6. Accordingly, "[w]hether and what fees were paid to Twenty.66 under the Advisory Agreement was within the operational domain of the very insiders accused of self-dealing" and "Plaintiff did not and could not have anticipated that Twenty.66 would file suit until it did." Id. Plaintiff repeats that there is no evidence of bad faith because it "offered to stipulate to the SAC so that defendants could direct their MTD arguments at the operative complaint, saving time and resources," but that "Defendants refused." Id. at 7. Plaintiff repeats that granting leave to amend would not unduly prejudice any defendant given that fact discovery is in its earliest stages and "Twenty.66, through its sole member Hambidge, has full notice of this litigation" and is

---

[2] Plaintiff clarifies in its reply brief that "Plaintiff seeks to add a party under Rule 15(a)[], nothing more." Reply at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

represented by an attorney, Craig Crawford ("Crawford"), who also represents Hambidge in this action. Id. at 9. Plaintiff further states:

> To eliminate any remaining concern about the trial schedule, Plaintiff proposes concrete accommodations: (1) expedited service on Twenty.66 through counsel, as Crawford already represents both Hambidge and Twenty.66; (2) a stipulated short response deadline for Twenty.66; (3) existing defendants may re-notice or incorporate their pending Rule 12 motions against the SAC without re-briefing, since the claims against them are unchanged; and (4) Plaintiff will not seek to continue the trial date based solely on adding Twenty.66.

Id. at 10.

As an initial matter, the Court finds that plaintiff may not file its SAC as a matter of course under Rule 15(a)(1). This is because the parties stipulated, and the Court accepted, that plaintiff's filing of its FAC would constitute plaintiff's one amendment of right under Rule 15(a)(1). Dkt. 75 at 2 (stipulation providing that "WHEREAS, based on the issues raised by defense counsel [in the parties' meet and confer efforts that preceded their motions to dismiss], Plaintiff has agreed to amend the Complaint pursuant to Rule 15(a)(1)."). Accordingly, the Court analyzes the propriety of plaintiff's motion for leave to amend pursuant to Rule 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.").

Although certain factors may caution against allowing the SAC to be filed, the Court finds that plaintiff's motion should be granted, being mindful that Rule 15(a) "is to be applied with extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). Below, the Court considers the five factors relevant to assessing the propriety of a motion for leave to amend. See Johnson, 356 F.3d at 1077.

      1.    Undue Delay

"Undue delay is a valid reason for denying leave to amend." Ponsoldt, 939 F.2d at 798 (internal quotation marks and citation omitted). "Undue delay by itself, however, is insufficient to justify denying a motion to amend." Bowles, 198 F.3d at 758. "Late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                    **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|----------|------------------------|------|----------------|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

of action." <u>Kaplan</u>, 49 F.3d at 1370. "Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend may be denied." <u>Jordan</u>, 669 F.3d at 1324.

Here, the Court finds that there is some evidence that plaintiff was unreasonably delayed in seeking leave to file a SAC. In its motion, plaintiff appears to admit that it knew of Twenty.66 but chose not to bring its claims against Twenty.66 because it viewed its claims against Hambidge as sufficient. Mot. at 6 ("There was no practical necessity to separately name the entity when the individual principal [Hambidge] was already a defendant."). On the other hand, the Court also credits to some extent plaintiff's argument that it could not have fully anticipated Twenty.66's lawsuit because defendants "Levan and Mahoney – not Goglia or Saridakis – [are alleged to have] controlled [plaintiff's] day-to-day operations and finances throughout the relevant period. (FAC ¶¶ 22–24.)." Reply at 6. Thus, whether and what fees were paid to Twenty.66 under the alleged Advisory Agreement with Twenty.66 may have been known only to "the very insiders accused of self-dealing." <u>Id.</u>

Accordingly, this factor is neutral or weakly favors denying leave to amend.

        2.    <u>Bad Faith</u>

The Court is unpersuaded by the defendants' arguments that plaintiff's motion was brought in bad faith. Rather, plaintiff states that its instant motion "is a direct response to the Contra Costa filing and [defendants'] coordinated multi-forum litigation strategy." Mot. at 8. Plaintiff further states that it "offered to stipulate to the SAC so that defendants could direct their [Rule 12] arguments at the operative complaint, saving time and resources," but that "Defendants refused." Reply at 7.

Even assuming that plaintiff was unreasonably delayed in making this motion, this alone, without more, does not establish bad faith. <u>See</u> <u>Ruben v. Marina City Club Condo. Owners Ass'n</u>, No. 2:13-CV-01628-ODW, 2013 WL 6072998, at *2 (C.D. Cal. Nov. 18, 2013) ("Although … delay may suggest bad faith, it is not sufficient to prove bad faith by itself.").

Accordingly, this factor favors granting leave to amend.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

### 3.      Prejudice to the Opposing Party

"The crucial factor in determining whether leave to amend should be granted is the resulting prejudice to the opposing party.  Where no such prejudice is shown, leave to amend should be freely given." Jordan, 669 F.2d at 1324.  Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (emphasis in original).  The party opposing amendment bears the burden of showing prejudice.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).  Delay can contribute to a finding of prejudice, for "expense, delay, and wear and tear on individuals and companies count toward prejudice." Kaplan, 49 F.3d at 1370 (9th Cir. 1994) (internal quotation marks and citation omitted).

The Court is unpersuaded by the defendants' arguments that granting plaintiff's motion would unfairly prejudice any defendant.  While the Court has set an expedited trial date in this case for October 27, 2026, dkt. 70, the Court has not yet entered a scheduling order or set discovery cutoffs.  Discovery has not commenced.  Dkt. 85-1, Declaration of Caleb Liang.  Moreover, because the SAC merely adds allegations against Twenty.66 but does not otherwise amend the FAC, see dkt. 85-8 (redline comparison between FAC and SAC), the existing defendants may re-notice and re-incorporate their pending Rule 12 motions against the SAC.  Thus, adding Twenty.66 as a defendant will not impose undue costs nor unduly delay resolution of the case.

Twenty.66 will not be unreasonably prejudiced because Twenty.66, through its sole member Hambidge, has already had full notice of this litigation and is represented by an attorney who also represents Hambidge in this action.  Mot. at 9.

Thus, the Court finds that this "crucial" factor favors granting leave to amend. Jordan, 669 F.2d at 1324.

### 4.      Futility of the Amendment

At this stage, the Court declines to make a determination as to whether plaintiff's claims as alleged in the proposed SAC are futile.  Such determinations are more properly addressed on a motion to dismiss.  See SAEs Getters S.p.A. v. Aeronex, Inc., 219 F.Supp.2d 1081, 1086 (S.D. Cal. 2002) ("While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

12(b)(6) motion ... such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."). The Court notes that the claims asserted in plaintiff's proposed SAC do not appear futile.

      5.      Whether Plaintiff Has Previously Amended the Complaint

Plaintiff has amended its complaint once; however, this was done so via stipulation. Thus, the Court finds that this factor only slightly cautions against granting leave to amend.

While two of the five factors may counsel against granting plaintiff leave to amend, the remaining factors—including the "crucial" factor of prejudice to the opposing parties, Jordan, 669 F.2d at 1324—do not. Furthermore, the Ninth Circuit has counseled that "[u]ndue delay by itself [] is insufficient to justify denying a motion to amend." Bowles, 198 F.3d at 758. Given that "Rule 15 advises the court that 'leave shall be freely given when justice so requires'" and that "[t]his policy is "to be applied with extreme liberality," the Court finds it appropriate to grant plaintiff's motion for leave to amend. Eminence Cap., 316 F.3d at 1051.

**B.**    **Motions to Dismiss**

Because the Court finds it appropriate to grant plaintiff's motion for leave to amend to file a SAC, the Court denies the defendants' motions to dismiss plaintiff's FAC as moot. Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("[A] timely filed Second Amended Complaint moot[s] the motion to dismiss [the First Amended Complaint].").

However, as discussed, because the SAC does not change plaintiff's existing allegations against the existing defendants, the existing defendants may re-notice and re-incorporate their pending Rule 12 motions against the SAC.

**V.**    **CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for leave to file a Second Amended Complaint.

Plaintiff shall file its Second Amended Complaint within three days of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                   **'O'**

| Case No. | 2:25-cv-08840-CAS-MAAx | Date | March 17, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

Plaintiff shall serve its Second Amended Complaint on Twenty.66 within seven days of this Order.

The Court **DENIES** as moot Levan and Mahoney's motion dismiss plaintiff's first amended complaint.

The Court **DENIES** as moot FuturHealth's motion to dismiss plaintiff's first amended complaint.

The Court **DENIES** as moot Hambidge's motion to dismiss plaintiff's first amended complaint.

The Court **VACATES** the hearings scheduled for March 23, 2026 and March 30, 2026.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |