UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08840-CAS-MAA | Date | June 18, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:

N/A                                N/A

**Proceedings:**    (IN CHAMBERS) MOTION OF DEFENDANTS JOHN LEVAN AND LUKE MAHONEY FOR SANCTIONS UNDER RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE (Dkt. 135, filed on May 1, 2026)

## I.    INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

This case centers on claims by a company that its managers conspired to systematically raid the company while secretly building a competing enterprise using stolen assets, intellectual property, and business opportunities.

On September 17, 2025, plaintiff Goglia Nutrition, LLC ("Goglia Nutrition" or "Plaintiff" or "Company" or "G-Plans") filed this action against defendants John Levan ("Levan"), Luke Mahoney ("Mahoney"), Jon Hambidge ("Hambidge"), FuturHealth, Inc. ("FuturHealth"), and Does 1 through 100 (collectively, "Defendants"). Plaintiff alleges seventeen causes of action: (1) breach of fiduciary duty, against Levan and Mahoney; (2) aiding and abetting breach of fiduciary duty, against Hambridge and FuturHealth; (3) breach of contract, against Levan and Mahoney; (4) fraud in the execution, against all defendants; (5) fraud in the inducement, against all defendants; (6) conversion, against all defendants; (7) violation of Cal. Penal Code § 496(c), against all defendants; (8) trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), against all

---

CV-90 (03/15)                    CIVIL MINUTES - GENERAL                    Page 1 of 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08840-CAS-MAA | Date | June 18, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

defendants; (9) trade secret misappropriation under the California Uniform Trade Secrets Act ("CUTSA"), against all defendants; (10) false designation of origin/ unfair origin under 15 U.S.C. § 1125(a), against FuturHealth; (11) California common law trademark infringement, against FuturHealth; (12) copyright infringement under 17 U.S.C. § 106 and § 501, against FuturHealth; (13) breach of contract, against FuturHealth; (14) unjust enrichment, against all defendants; (15) unfair competition under Cal. Bus. & Prof. Code § 17200, against all defendants; (16) civil conspiracy, against all defendants; and (17) declaratory relief, against all defendants. Dkt. 1 ("Compl.").

On November 10, 2025, plaintiff filed a motion for a preliminary injunction. Dkt. 11-1 ("PI mot."). On January 23, 2026, the parties stipulated to a proposed order regarding plaintiff's motion for a preliminary injunction. Dkt. 76. On January 30, 2026, the Court granted the parties' stipulation. Dkt. 78.

On November 24, 2025, FuturHealth filed a motion to compel arbitration. Dkt. 29. On November 30, 2025, Levan and Mahoney filed a motion to compel judicial reference or, in the alternative, to compel arbitration. Dkt. 30. On December 22, 2025, the Court denied Levan and Mahoney's motion to compel judicial reference. Dkt 60 ("December 22, 2025 Order") at 16. The Court deferred consideration on FuturHealth's motion to compel arbitration and deferred consideration on Levan and Mahoney's motion to compel arbitration under a theory of equitable estoppel. Id.

On January 12, 2026, the Court set an expedited trial date in this case for October 27, 2026. Dkt. 70.

On March 20, 2026, plaintiff filed its operative second amended complaint. Dkt. 108 ("SAC"). The SAC adds two claims, both against defendant Twenty.66: breach of an advisory agreement and declaratory relief regarding the parties' rights and obligations under the advisory agreement. Id. at 62-66.

On March 23, 2026, defendant FuturHealth filed a motion to bifurcate the proceedings. Dkt. 109. On April 20, 2026, the Court ordered that an evidentiary hearing be held on May 19, 2026 on the sole issue of whether a valid arbitration agreement exists between plaintiff and FuturHealth. Dkt. 131 at 9. The Court stayed all other proceedings in this case and otherwise denied FuturHealth's motion to bifurcate. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08840-CAS-MAA | Date | June 18, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

From May 19-21, 2026, the Court held an evidentiary hearing on the sole issue of whether a valid arbitration agreement exists between plaintiff and FuturHealth. Dkts. 151-59. The hearing was limited to resolving the issue of whether the arbitration agreement was the product of fraud in the execution and was not intended to resolve the issue of whether plaintiff was fraudulently induced into entering into the arbitration agreement. See dkt. 131 at 9.

On May 1, 2026, Levan and Mahoney filed the instant motion for Rule 11 sanctions. Dkt. 135 ("Mot."). On June 1, 2026, plaintiff filed an opposition. Dkt. 162 ("Opp."). On June 8, 2026, Levan and Mahoney filed a reply. Dkt. 165 ("Reply").

## II.    BACKGROUND

The background of this case is known to the parties and detailed in the Court's December 22, 2025 order. Dkt. 60.

Plaintiff Goglia Nutrition, LLC was formed in December 2015 with four equal cofounders—Philip Goglia ("Goglia"), Lisa Saridakis ("Saridakis"), John Levan, and Luke Mahoney—each owning 25% of the company. Dkt 11-3, Declaration of Philip Goglia ("Goglia Decl.") ¶ 5. When forming Goglia Nutrition, all four cofounders entered into a Limited Liability Operating Agreement ("Operating Agreement") which contained a judicial reference provision. Dkt. 30-4, Declaration of John Levan ("Levan Decl.") ¶ 5, Ex. A § 20.17.

Beginning in or around 2023, while still serving as Goglia Nutrition's managers, Levan and Mahoney established a new venture—FuturHealth—together with Jon Hambidge. Dkt. 11-2, Declaration of Caleb Liang ("Liang Decl.") ¶ 13, Ex. 12. Plaintiff alleges that after secretly forming and positioning FuturHealth, Mahoney and Levan orchestrated a fraudulent scheme to transfer Goglia Nutrition's most valuable assets to FuturHealth for a fraction of their fair value while concealing the terms of the transfer and their involvement in FuturHealth. Compl. ¶¶ 37-38.

On December 18, 2023, Levan and Mahoney presented Goglia and Saridakis with a "Written Consent" package ("Consent Package" or "Consent") that referenced and incorporated three agreements between Goglia Nutrition and FuturHealth—a Technology License Agreement ("TLA"), a Inbound Data License Agreement, and a Services Agreement (collectively, "the Agreements" or "FuturHealth Agreements"). Dkt 11-3,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08840-CAS-MAA | Date | June 18, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

Declaration of Philip Goglia ("Goglia Decl.") ¶¶ 10-11, Exs. 3-6.  Goglia and Saridakis signed the Consent Package; however, when they signed, they did not read the Agreements because the Agreements were not attached to the Consent Package.  Id. Plaintiff alleges that Levan and Mahoney deliberately withheld the Agreements from Goglia and Saridakis to obtain their signatures on the Consent Package, and that they signed the Consent Package based on Levan and Mahoney's oral representations that doing so would enable FuturHealth to add complementary telehealth functionality to benefit Goglia Nutrition.  Goglia Decl. ¶ 11.  Furthermore, plaintiff alleges that Levan and Mahoney intentionally concealed their interests in FuturHealth in the Consent Package documents, despite having been informed by Goglia Nutrition's company counsel that Mahoney and Levan were required to provide full written disclosure of their conflicts of interest and obtain informed consent from Goglia and Saridakis.  Liang Decl. ¶¶ 8-9, Exs. 8-9.  By contrast, FuturHealth contends that the Agreements were inadvertently omitted due to a clerical error by Goglia Nutrition's company counsel and that Goglia and Saridakis voluntarily chose not to read the Agreements.  See dkt. 17-4 ¶ 8, Ex. 2.

One of the Agreements—the TLA—contained an arbitration provision stating that: "Any controversy or claim arising out of or relating to this Agreement shall be settled by binding arbitration …."  Dkt. 29, Levan Decl. ¶ 2, Ex. 1 at 10.

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996).  All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances"; (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations.  Fed. R. Civ. P. 11(b).  Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances."  Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-08840-CAS-MAA | Date | June 18, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note).

The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. Fed. R. Civ. P. 11(c); see id. advisory committee's notes (1993 amendments) ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation."). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11.

## IV.    DISCUSSION

Levan and Mahoney argue that the Court should impose Rule 11 sanctions on plaintiff because its fraud in the execution claim is knowingly false and frivolous. Mot. at 16. Levan and Mahoney argue that "G-Plans and its counsel knew, even before this action was filed, and every time it made this allegation, that the DocuSign Consent was not 'transmitted' by [Levan and Mahoney]. It was transmitted by Tara Weston, an employee of G-Plans' attorney." Id. at 17-18 (citations omitted).

In opposition, plaintiff argues that it did not make any false allegations in its complaint. Plaintiff argues that its Second Amended Complaint does not allege that either Levan or Mahoney "personally pressed a button" causing the Consent to be sent to Goglia and Saridakis. Opp. at 9. Rather, plaintiff argues that the SAC alleges that Levan and Mahoney "engineered" and directed a signing process designed to obtain execution of the FuturHealth Agreements without disclosure to Goglia and Saridakis; plaintiff argues that "in context, 'transmitted' means that [Levan or Mahoney] directed and controlled the circulation of the Consent – and the record establishes precisely that." Id.

In reply, Levan and Mahoney argue that plaintiff may not rely on an agency or fiduciary duty theory to defend its frivolous fraud in the execution claim. See id. at 5-12.

That the Court found it appropriate to hold an evidentiary hearing on the issue of whether the arbitration agreement between plaintiff and FuturHealth was the product of fraud in the execution demonstrates that the allegations supporting plaintiff's fraud in the execution claim are not frivolous and are not subject to Rule 11 sanctions. Accordingly, Levan and Mahoney's motion is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-08840-CAS-MAA | Date | June 18, 2026 |
|---|---|---|---|
| Title | Goglia Nutrition, LLC v. John Levan et al. | | |

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Levan and Mahoney's motion.

The Court **VACATES** the hearing scheduled for June 29, 2026.

IT IS SO ORDERED.

|  | : |  |
|---|---|---|
| Initials of Preparer | VRV for CMJ | |